# FOR PUBLICATION



**FILED & ENTERED**

**FEB 28 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:19-bk-21008-WJ |
| CHARLES E. COWSER, | CHAPTER 13 |
| Debtor. | **MEMORANDUM OF DECISION REGARDING CONFIRMATION OF CHAPTER 13 PLAN** |

When a married person files a bankruptcy case alone, must the debtor list all creditors of the debtor and the debtor's spouse on bankruptcy schedules and the master mailing list? Does the law require a debtor to provide notice of the bankruptcy case not only to the creditors of the debtor but also to the creditors asserting debts against the non-filing spouse? The Court concludes that in a community property state like California, bankruptcy law requires such notice.

**I.     The Debtor Has Not Provided Notice to All Creditors.**

Approximately three years ago, Charles Cowser ("Debtor") married Emma May Cowser. Several years later, the Debtor filed this chapter 13 case. However, his wife did not join in this bankruptcy case. Only the Debtor filed this bankruptcy case.

In doing so, the Debtor did not provide notice of this bankruptcy case to creditors holding claims against his wife. Instead, on his master mailing list in the case, the Debtor identified creditors asserting debts he incurred and the Debtor provided notice of the bankruptcy case and various pleadings to them.[1] This includes his chapter 13 plan. When the Debtor filed and served his proposed chapter 13 plan, he did not serve the plan upon creditors who assert debts against his wife.[2]

In response, the chapter 13 trustee objected to confirmation and requested dismissal of the case. The Debtor opposed the trustee's motion. Having considered all arguments, the Court now grants the motion of the trustee and dismisses the case.[3]

---

[1] The Debtor listed two debts incurred by his wife prior to marriage (owed to Eloisa Marquez and Mr. Cooper) on his original and amended Schedule D but he did not include them on the master mailing list. Likewise, other than Wells Fargo Bank, N.A., the Debtor does not appear to have listed any other debts incurred by his wife prior to their marriage on Schedules D, E or F or his master mailing list. As a result, neither Eloisa Marquez nor Mr. Cooper nor any other pre-marriage creditors of his wife (other than Wells Fargo Bank, N.A.) have received any notice of this bankruptcy case or the Debtor's proposed chapter 13 plan.

[2] Wells Fargo Bank, N.A. appears to be the only exception.

[3] The failure of the Debtor to provide notice to creditors in this case requires, at this juncture of the case, dismissal. The case is already over two months old and the deadline to file proofs of claim passed on February 27, 2020. In addition, the deadline to file objections to discharge is less than a month away: March 23, 2020. All creditors were entitled to receive notice of both deadlines last December. As a result, when faced with the choice between either (1) trying to save this chapter 13 case or (2) encouraging the Debtor to file another chapter 13 case, the latter is clearly better. Filing a new chapter 13 case will give creditors new periods of time to file proofs of claims and consider whether or not to object to the discharge of the Debtor or object to the chapter 13 plan or take other action. Had the Debtor cured the notice problems in the first week or two of this bankruptcy case, this case might have been

## II.    Bankruptcy Law Requires Notice to All Creditors.

First, basic bankruptcy law provides that debtors must provide notice of bankruptcy cases to all creditors. The bankruptcy code and rules specifically require such notice.[4] The United States Constitution also requires proper notice of a bankruptcy case.[5]

Second, in a community property state such as California, the creditors of one spouse constitute creditors of both spouses. Under California community property law, community property is liable for all debts incurred by a person prior to marriage and during marriage. Section 910 of the California Family Code states that "the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt."

One of the essential realities of marriage in a community property state like California is that community property generated in the marriage is liable for debts incurred by either spouse prior to marriage. Marriage brings many blessings but, in a community property state, this is one of the burdens. While the vows in a wedding ceremony in California do not typically include promises to pay the existing creditors of a spouse from the proceeds of all future community property, Section 910 of the California law creates such an obligation. This is a lesser known impact of saying "I do."

---

salvageable. However, given that the deadline to file proofs of claim has already passed and another significant deadline is weeks away, creditors have been irreparably prejudiced.

[4] See 11 U.S.C. §§ 342(a) & 521(a)(1)(A); Rule 2002 of the Federal Rules of Bankruptcy Procedure; Levin v. Maya Construction (In re Maya Construction Co.), 78 F.3d 1395, 1399 (9th Cir. 1995) ("A debtor must list a creditor whose identity and claims he knows. 11 U.S.C. § 521. The burden is on the debtor to cause formal notice to be given . . . ."); In Maya Construction, the Ninth Circuit held that when a debtor fails to list a creditor on the master mailing list and fails to provide notice of the bankruptcy case to the creditor, that creditor is not bound by the plan of reorganization.

[5] GMAC Mortgage Corporation v. Salisbury (In re Loloee), 241 B.R. 655, 661 (9th Cir. BAP (Cal.) 1999) (discussing the constitutional requirement of proper notice required under the Fifth Amendment to the United States Constitution and noting that orders of bankruptcy courts are "void" in the absence of sufficient notice); Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.), 759 F.2d 1440 (9th Cir. 1985) (holding that the notice provided in the bankruptcy case was inadequate and failed to satisfy the constitutional requirements of the Fifth Amendment to the United States Constitution).

1    For example, one of the starkest instances of such liability occurs when a person owes child support or spousal support.  When parties divorce and a family court orders one of them to provide child support or spousal support to the other, if the spouse who must pay child support or spousal support later re-marries, the new spouse can be held responsible for the pre-marriage debt to pay child support or spousal support.  The community property in the second marriage is liable for the child support and spousal support obligations arising from the prior marriage. See, e.g., In re Marriage of Orchard, 224 Cal.App.3d 155; 273 Cal.Rptr. 399 (Cal. Ct. App. 1990).

As a result, when the Debtor married, the community property generated by the marriage became liable for the debts incurred by his wife prior to their marriage.  This means that, prior to filing a bankruptcy case, the creditors of his wife could have sued the Debtor for payment on debts incurred by his wife prior to marriage and obtain a judgment against him and seek to enforce such a judgment against community property.  The Debtor opened himself to this remedy on the day he married.

Now that the Debtor has filed his bankruptcy case, those creditors still have a remedy. While the automatic stay prevents the creditors of his wife from suing the Debtor, they may file proofs of claim in his bankruptcy case asserting community claims in order to obtain satisfaction from the community property assets of the bankruptcy estate.  Therefore, such creditors have standing to object to confirmation of the chapter 13 plan, to object to discharge, to object to exemptions or to take all other actions permitted by creditors of the Debtor.

The decision of the Ninth Circuit Court of Appeals in In re Soderling, 998 F.2d 730 (9th Cir. 1993) is germane.  In Soderling, a creditor obtained a $4.8 million judgment against two brothers.  Both brothers and their wives filed chapter 7 bankruptcy cases and the question arose regarding whether or not the $4.8 million judgment constituted a community claim in those bankruptcy cases.  The Ninth Circuit held that the judgment did create a community claim.  The Ninth Circuit cited Section 5120.110 of the California Civil Code (the predecessor statute to Section 910 of the California Family Code)[6] and stated that "[u]nder California law, all community

---

[6] Prior to its repeal, Section 5120.110(a) of the California Civil code stated: "(a) Except as otherwise expressly provided by statute, the community property is liable for a debt incurred by either spouse before or during

- 4 -

property is liable for debts of either spouse incurred before or during marriage." Id. at 733.  Thus, while the wives were not parties to the judgments, the judgments constituted community claims against them in their bankruptcy cases.

The Debtor in this case attempts to distinguish Soderling by arguing that in Soderling, the debt was incurred during marriage.  But that difference does not matter.  Under Section 910 and the decision in Soderling, community property is liable for debts incurred prior to marriage as well as during marriage.[7]  Again, that is one of the burdens of marriage in a community property state. The moment a person marries in a community property state, the community property generated in the marriage is liable for debts incurred by both spouses prior to marriage.  In California, creditors of a spouse for debts arising prior to marriage can pursue community property assets.  As a result, creditors of the spouse of a debtor in bankruptcy must receive notice of the filing of the bankruptcy case.

Indeed, Section 342(a) of the Bankruptcy Code specifically states that "[t]here shall be given such notice as is appropriate, including notice to any holder of a community claim, of an order for relief in a case under this title [11 USCS §§ 101 et seq.]."  Unfortunately, the Debtor did not comply with this statute and other applicable law.  He did not provide notice of his bankruptcy case to all creditors holding debts incurred by his wife prior to their marriage.  Therefore, community claim creditors have been deprived of the opportunity to participate in this case.

---

marriage, regardless which spouse has the management and control of the property and regardless whether one or both spouses are parties to the debt or to a judgment for the debt."  In 1994, the California legislature repealed Section 5120.110(a) and replaced it with Section 910 of the Family Code with language that is essentially identical to the prior statute.

[7] "[T]he community estate is liable for a debt incurred by either spouse before or during marriage and prior to separation." 2 Hogoboom & King, California Practice Guide: Family Law (The Rutter Group 2016) ¶ 8:739, p. 8-264). For example, "a spouse's child and/or spousal support obligation arising out of a prior marriage 'shall be treated as a debt incurred before marriage' . . . Therefore, the community estate may be reached to satisfy a spouse's premarital support obligations even though the current spouse is not a party to the debt, is not personally responsible for its satisfaction and has not consented to its payment out of the community estate." Id. at ¶ 8:740, p. 8-265.

For these reasons, the Court must grant the motion of the trustee to deny confirmation of the chapter 13 plan and dismiss this case.

###

Date: February 28, 2020

Wayne Johnson
United States Bankruptcy Judge